UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN MITCHELL,

        Plaintiff,

      v.                             CASE NO.  8:14-cv-60-T-17MAP

CITY OF BARTOW POLICE
DEPARTMENT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's motion to proceed *in forma pauperis* (doc. 2).  In an order dated January 30, 2014, this Court found Plaintiff's original complaint disjointed and confusing and directed Plaintiff, who is proceeding *pro se,* to file an amended complaint conforming with the requirements of Fed.R.Civ.P. 8(a). *See* Order, doc. 5.  The Plaintiff has now filed an amended complaint asserting Defendant City of Bartow Police Department failed to protect him and violated his rights under the Fourth, Fourteenth Amendments, and in violation of 42 U.S.C. §§ 1983, 1981, and 1986 and the Civil Rights Act of 1964.  *See* doc. 6.  For the reasons set forth below, I recommend the amended complaint be dismissed.

    *A. Plaintiff's amended complaint*

In the general allegations, the Plaintiff alleges he is a black male living in a predominately black neighborhood, and that the Defendants have shown "patterns of double standard practices, patterns in discrimination in the manner in which Black victims are treating VS White victims.  The Defendant attitude, behavior and demeanor are different (Racist) when dealing with Plaintiff as the victim" (doc. 1, p.1).  The

amended complaint contains four separate counts.

In count one, the Plaintiff alleges that the Defendant disregarded police department policy and procedure when one of its white male officers searched and ransacked his vehicle during a traffic stop for an expired license plate.  Plaintiff alleges that the officer should have impounded his vehicle, but four white officers conspired against Plaintiff.  Plaintiff states:  "The officers action was racial profiling, harassment, racial discrimination and unlawful" (doc 6, pp. 2-3).

In count two, the Plaintiff alleges that he called 911 after a white male stood in the middle of the street and pointed a 9mm handgun towards Plaintiff and others.  Plaintiff alleges that five white officers arrived, refused to arrest the suspect.  Plaintiff alleges the officers had probable cause to arrest the suspect and their lack of action was discrimination in that the victims were black and the suspect was white.  Plaintiff alleges that the officers refused to let the victims sign a complaint affidavit, and denied Plaintiff and the other victims their due process, equal protection, and justice.

In count three, the Plaintiff alleges that the Defendant, Detective David Reynolds, and Officer Gwen Guillory maliciously failed their duties when witnesses gave names of suspects who were seen carrying Plaintiff's large screen television across the street from Plaintiff's residence.  Plaintiff alleges that the officers lack of action deprived Plaintiff of justice, due process, and equal right protection.  Plaintiff further alleges that the detective's lack of action shows a pattern of double standards and discrimination when blacks are victims.

In count four, Plaintiff alleges that Detective David Reynolds failed his duties when he refused to arrest known suspects in a home invasion at Plaintiff's residence.

2

Plaintiff alleges that Reynolds lied and fabricated his investigation report and misled the State Attorney's Office in reference to witnesses statements. Plaintiff alleges that Reynolds created a hostile atmosphere and grossly neglected his duties by failing to act upon pertinent information to solve a crime when one of the suspects confessed to Plaintiff's daughter about his involvement in the home invasion. Plaintiff alleges that this sloppy investigation caused emotional stress to the Plaintiff and his family. Plaintiff demands seven million dollars in damages.

B. *Discussion*

The Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although this Court is mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, I find that the Plaintiff's case has little or no chance of success and that dismissal is appropriate. I will address each of Plaintiff's legal theories below.

1. *§ 1983 claims*

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that some person, acting under color of state law, deprived Plaintiff of "rights, privileges, or immunities

secured by the Constitution and Laws of the United States."  42 U.S.C. § 1983.  *Bannum,*

*Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990).  The police

department is not an entity subject to suit under §1983 for it has no independent legal

existence.  *See Lovelace v. DeKalb Central Probation*, 144 Fed.App'x 795 (11th Cir.

2005) (stating county police department not a "legal entity" subject to suit); *Dean v. Bber*,

951 F.2d 1210, 1214 (11th Cir. 1992) (noting sheriff and police departments not

considered "legal entities" subject to suit).  Consequently, I recommend the Plaintiff's §

1983 claims against the Defendant City of Bartow Police Department be dismissed.

Though Plaintiff's "Amendment to Complaint" identifies only the City of Bartow

Police Department as a named Defendant, the allegations indicate that certain individual

officers and detectives violated the Plaintiff's rights.  Construing Plaintiff's amended

complaint liberally, it seems he may have intended to include other defendants as he did

in his original complaint.  *See* Complaint, doc. 1.  In count III of the "Amendment to

Complaint" the Plaintiff alleges that Defendants Detective David Reynolds and Officer

Gwen Guillory maliciously failed in the their duties, and in count IV he alleges that

Defendant Detective David Reynolds  failed in his duties by refusing to arrest known

suspects.  In 42 U.S.C. §1983 actions against individuals, factual details must be provided

that demonstrate a violation of a clearly established right.  *Oladeinde v. City of*

*Birmingham,* 963 F.2d 1481 (11th Cir. 1992).   Assuming that Plaintiff intended to

identify Detective David Reynolds and Officer Gwen Guillory as Defendants in the

amended complaint, the Plaintiff has failed to provide sufficient details and has failed to

state any §1983 claims for which relief can be granted.

Further, in count I the Plaintiff alleges that four white officers conspired against

4

him.  Though a plaintiff may state a §1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying Constitutional right, the Plaintiff has failed to state such a claim here.  *See GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359 (11th Cir. 1998).  "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights.  The conspirational acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."  *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990).   Here, the complaint fails to state sufficient facts from which this Court can reasonably infer that a conspiracy existed.

### 2.  § 1981 claims

To state a claim under 42 U.S.C. § 1981, Plaintiff must plead facts demonstrating that the Plaintiff is a member of a racial minority, an intent to discriminate on the basis of race by the Defendant; and that the discrimination concerned one or more of the activities enumerated in the statutes (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).  *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1270 (11th Cir. 2004). None of Plaintiff's claims set forth a recognizable §1981 cause of action.  Typically, §1981 claims arise in the employment context or retail transactions.  *See Kinnon v. Arboub, Gopman & Assoc., Inc.,* 490 F.3d 886 (11th Cir. 2007).  Hence, Plaintiff has not properly stated a §1981 claim.

### 3.  § 1986 claims

Section 1986 provides a cause of action against anyone who neglects to prevent a known conspiracy to violate any of the activities or privileges mentioned in 42 U.S.C. §

1985.  Section 1986 claims are derivative of §1985 violations.  Plaintiff's complaint does not include allegations that the Defendant violated or conspired to violate any of the provisions of §1985.  Accordingly, the complaint does not state a cause of action under §1986.  *See Ivey v. Paulson*, 2007 WL 1129001 (M.D. Fla. 2007).

>    *4.  Constitutional rights*

Plaintiff alleges that he "brings this complaint for violations of his individual and associational rights under the 4th and 14th Amendments of the United States Constitution"  (Doc. 6 at 1).  He further alleges in count I that the Defendant "deprived him of his 4th and 14th Amendment to the U.S. Constitutional Rights which guarantees equal protection and due process under the law for all people" (doc. 6, p.2).  He alleges similar violations in counts III and IV.  The Fourteenth Amendment of the United States Constitution provides that "no state shall deprive any person of life, liberty, or property, without due process of law."  U.S. Constitution Amendment XIV, § 2.  Plaintiff's claims fall short because he has not adequately pled that similarly situated persons were treated differently.  After *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), a complaint resting on conclusory allegations without specificity will not survive a motion to dismiss.  *Sheikh v. City of Deltona,* 2014 WL 1345396 (M.D. Fla. April 4, 2014) (finding plaintiff's allegations that defendant treated him differently than other similarly situated individuals in violation of his rights to Equal Protection under the Constitution failed to state claim because lacked specificity).

>    *5.  Civil Rights Act of 1964*

Plaintiff states in the opening paragraph of his Amendment to Complaint that the Defendant violated the Civil Rights Act of 1964, however he does not set forth facts

explaining how his rights were violated under the Civil Rights Act of 1964.  Hence, I find

that Plaintiff has failed to state a claim upon which relief may be granted under the Civil

Rights Act of 1964.

*C.  Conclusion*

In view of the above, I find that the Plaintiff's case has little or no chance of

success and that dismissal is appropriate.  Accordingly, it is

RECOMMENDED:

1.  Plaintiff's amended complaint (doc. 6) be DISMISSED and his request to

proceed in forma pauperis (doc. ) be DENIED.

IT IS REPORTED at Tampa, Florida on May 14, 2014.


*Mark A. Pizzo*
_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).